# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:12-CV-00126-RLV
# (5:03-CR-00037-RLV-3)

| | |
|---|---|
| JOSHUA RYAN AUDREY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255, and Petitioner's alternative claims for relief. (Doc. Nos. 1, 3). For the reasons that follow, Petitioner's Section 2255 motion will be denied and dismissed, and Petitioner's alternative claims for relief will be denied.

## I.   BACKGROUND

On March 17, 2005, Petitioner was convicted on one count of conspiracy to possess with intent to distribute quantities of cocaine and cocaine base, in violation of 21 U.S.C. § 846. Petitioner was sentenced to 240-months' imprisonment. (5:03-CR-00037, Doc. No. 288: Judgment in a Criminal Case at 1-2). Petitioner did not file a direct appeal from this criminal judgment.

On August 20, 2012, Petitioner filed a pro se motion under Section 2255 contending that his sentence should be vacated and he should be resentenced without the Court's consideration of his prior North Carolina drug conviction which the Government noticed pursuant to 21 U.S.C. § 851 for purposes of sentencing enhancement. Petitioner argues that a recent Fourth Circuit case,

1

United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), entitles him to relief because the Court has altered the way in which a previous drug conviction may be used to determine a sentencing enhancement.

On January 2, 2013, Petitioner, by and through counsel, filed a supplement to Petitioner's pro se Section 2255 motion. Petitioner again challenges this sentence of 240-months based on the prior state drug conviction noticed by the Government under Section 851, and pleads alternative claims for relief seeking to set aside his sentence and re-sentence him without consideration of the prior Section 851 offense. (5:12-CV-00126, Doc. No. 3).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A. Section 2255 Proceeding

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner did not file a direct appeal from his criminal judgment, therefore the judgment became final in 2005, or ten days after the entry of judgment on March 17, 2005.

Petitioner asserts that he is entitled to relief under Simmons because the Fourth Circuit has changed the way that the district court must determine whether a prior conviction qualifies as a felony for the purpose of determining an appropriate sentence under the sentencing guidelines. In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Petitioner contends that his Section 2255 motion is timely under § 2255(f) because his

3

motion was filed within one year of the date the Fourth Circuit filed its en banc decision in United States v. Simmons. Because current Fourth Circuit law precludes relief, the Court finds that Petitioner's motion is untimely, and he is not entitled to equitable tolling because he does not present a meritorious claim for relief.

The decision in Simmons was driven by the Court's interpretation of the Supreme Court's opinion in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which held that the sentencing court must examine the criminal record of the individual defendant presently before the court and not a hypothetical defendant in determining a sentence. In a decision filed after the Petitioner filed the present Section 2255 motion, the Fourth Circuit examined the impact of the decision in Carachuri and concluded that its holding was not retroactive to cases on collateral review. See United States v. Powell, 691 F.3d 554, 560-61 (4th Cir. 2012) ("Because the Supreme Court's decision in Carachuri at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review."); see also United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (noting that "Wheeler's claim for retroactive application of [Carachuri and our opinion in Simmons] fails in light our recent opinion in [Powell]."); United States v. Walker, 2012 WL 5359506, at *1 (4th Cir. filed Nov. 1, 2012) (unpublished) (holding that "Carachuri claims may not be raised retroactively in collateral proceedings.").

Also instructive is that in Powell three Circuit judges agreed that there is no right to relief in a Section 2255 proceeding when the sentence is within the maximum as authorized by law.

4

Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the **maximum authorized by law**, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S. C. § 2255(a) (emphasis added).

Petitioner's conviction for conspiracy to possess with intent to distribute quantities of cocaine and cocaine base, in violation of 21 U.S.C. § 846, carried a sentence of not less 10 years and not more than life. See 21 U.S.C. § 841(b); see also 21 U.S.C. § 846 (providing for the same penalties as those prescribed for the offense, which in this case, was a violation of Section 841). While the Government did provide notice under Section 851 of its intention to seek enhanced penalties based on Petitioner's prior drug conviction, Petitioner was still sentenced within the statutory maximum, with or without consideration of the predicate drug conviction noticed in the Section 851.

Petitioner received a sentence of 240-months' imprisonment and the Government had filed a notice of its intention to seek enhanced penalties based on a prior state drug conviction. In Powell, the petitioner was likewise sentenced to 240-months' imprisonment following the Government's filing of a Section 851 notice. Powell argued that he was entitled to relief in his Section 2255 proceeding because his conviction did not qualify as a felony conviction because he could not have received a term of imprisonment in excess of one year. The Court rejected this argument after finding that despite the presence of the Section 851 notice, Powell still received a sentence within the maximum. Circuit Judge King, writing in dissent, but concurring in the judgment upholding Powell's sentence, noted that Section (b)(1)(A), "under which appellant

Powell was sentenced increases the mandatory minimum sentence from ten to twenty years, but retains the maximum sentence of life. All enhanced § 841(b)(A) sentences are therefore within the unenhanced statutory maximum." Powell, 691 F.3d at 562. Judge King continued,

> As a case in point, Powell received § 841(b)(1)(A)'s enhanced twenty-year statutory minimum sentence. Without the enhancement, Powell could have been sentenced to as little as ten years of imprisonment, but his statutory maximum would have yet been life. Thus, the twenty-year sentence imposed on Powell is within the unenhanced statutory maximum—as any enhanced subsection (b)(1)(A) sentence would necessarily be.

Id. at 562 n.1.

In the present case, Petitioner's sentence was within the maximum sentence and he is therefore not entitled to habeas relief in this Section 2255 proceeding. Petitioner's counsel argues that the Government should be required to file an answer or response to his request for relief under Section 2255 unless it "plainly appears" the party is not entitled to relief. (5:12-CV-126, Doc. No. 3 at 5). First, the Court would note that Powell's Section 2255 was dismissed by this Court as untimely. And as noted, the Fourth Circuit upheld this dismissal after concluding that Powell received a sentence within the maximum, notwithstanding any effect the Section 851 notice may have had on his sentence. In the present case, Petitioner also received a sentence of 240-months. The Court can find no appreciable differences in the cases which would dissuade the Court from finding that it plainly appears that Petitioner is entitled to no relief under Section 2255 based on the holding in Powell and the unpublished cases cited herein. For this reason, the Court will not order the Government to file an answer because the Court finds that it plainly appears that Petitioner is not entitled to relief. Further, the Court will deny a certificate of appealability because Petitioner cannot make the required showing based on the Fourth Circuit's clear holding in Powell, and progeny, that those sentenced within the maximum are not entitled

to relief in a Section 2255 even if they have an enhanced statutory minimum so long as the sentence is still within the maximum.

      B.     <u>Section 2241 Relief</u>

Petitioner has also filed for relief under 28 U.S.C. § 2241. A petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." <u>In re Jones</u>, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

<u>Id.</u> at 333-34.

In the present case, Petitioner does not fairly challenge the legality of his conviction, rather he challenges his sentence which he contends was based on a prior drug conviction that he asserts is no longer properly considered in determining a sentencing enhancement. As Petitioner is only challenging his sentence he has therefore failed to demonstrate that pursuit of relief through the provisions of Section 2255 is inadequate. Moreover, as the Court has observed, without consideration of the prior drug conviction, Petitioner was still sentenced to a term of imprisonment within the maximum. For these reasons, Petitioner's Section 2241 motion will be denied.

### C. Coram Nobis Relief

Petitioner has also pled an alternative claim for relief asking this Court to grant him a petition for a writ of *coram nobis*. (5:12-CV-126, Doc. No. 3 at 24). Relief pursuant to a writ of *coram nobis* should be limited to petitioners that are no longer in custody on their conviction. See Carlisle v. United States, 517 U.S. 416, 428-29 (1996); see also United States v. Orocio, 645 F.3d 630, 634 n.4 (3rd Cir. 2011) ("The writ of error coram nobis 'is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and he is no longer in custody for purposes of 28 U.S.C. § 2255.'"). According to the record, Petitioner is still in custody, and the Court finds that Petitioner does not contest his conviction rather he only contests his sentence. The petition will be denied.

### D. Petition for a Writ of Audita Querela

Finally, the Court finds that the writ of *audita querela* is unavailable to a petitioner that may otherwise challenge his conviction or sentence by way of a Section 2255 motion. "A writ of *audita querela* is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 2012 WL 5417618, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002), and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to Section 2255)). Petitioner was able to challenge his sentence through a motion under Section 2255. Petitioner's lack of success before this Court does not, however, render the Section 2255 motion unavailable. This petition will be denied.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED** as untimely. (Doc. No. 1).

2. Petitioner's motion under 28 U.S.C. § 2241 is **DENIED**.

3. Petitioner's petition for a writ of *coram nobis* is **DENIED**.

4. Petitioner's petition for a writ of *audita querela* is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: January 9, 2013

Richard L. Voorhees
United States District Judge